UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2020

THE DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

        Petitioner,

-against-

INFINITY MANAGEMENT CORP. and
TASH MANAGEMENT CORP.

        Respondents.

-----------------------------------------------------------------------X

1:19-cv-10654-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

  The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council" or "Petitioner") seeks to confirm an arbitration award obtained against Infinity Management Corp. ("Infinity") and Tash Management Corp. ("Tash," and together with Infinity, "Respondents") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the award is confirmed.

**I. BACKGROUND**

  In March 2016, Infinity contracted with Petitioner to build homes as part of the Build It Back Program, a New York City initiative to repair homes damaged by Hurricane Sandy. Affidavit of Lydia Sigelakis ("Sigelakis Affidavit"), Dkt. No. 9, ¶ 6. As part of that contract, Infinity agreed to be bound by the Build It Back Outer Borough Residential Market Recovery Labor Project Act (the "PLA") and the Independent Building Construction Agreement (the "collective bargaining agreement," or the "CBA") with the District Council. Dkt. No. 9, ¶ 8.

The CBA provided that all unresolved disputes would be "[submitted] . . . to arbitration by requesting an arbitration hearing in writing . . . to Richard Adelman, who shall act as the arbitrator under this procedure." Dkt. No. 9, ECF 29, Art. IX § 1. The CBA also provided that "the decision of the Arbitrator shall be final and binding on the involved Contractor, Local Union, and employees and the fees and expenses of such Arbitration shall be borne equally by the involved contractor and Local Union." Dkt. No. 9-1, ECF No. 27, 29.

The dispute at the heart of this arbitration arose when Infinity failed to fully compensate its employees for all of the work they performed. Dkt. No. 9, ¶ 10. Specifically, Infinity underreported some of its employees' hours, paying the contractual rate and benefits for some of their hours, but paying them "off the books" in cash at less than their contractual rate for the remaining hours. Dkt. No. 9-1, ECF 36.

Because the parties failed to amicably settle their dispute, Petitioner initiated arbitration. Dkt. No. 9, ¶ 10. After notifying both parties, the arbitrator held a hearing on March 30, 2017, where both Infinity and the District Council appeared, presented argument, and offered evidence. Dkt. No. 9, ¶ 10. The parties returned to the settlement table, and again tried to resolve the issue amicably. Dkt. No. 9, ¶ 10.

When this second attempt at resolution failed, Petitioner requested another hearing date. Dkt. No. 9, ECF 3 ¶ 10. The arbitrator selected September 9, 2019. Dkt. No. 9-1, ECF 34. The day before this second hearing, counsel for Respondents sought an adjournment, claiming that Respondents' key witness could not attend. Dkt. No. 9-1, ECF 34. The hearing was rescheduled for September 26, 2019. Dkt. No. 9-1, ECF 34.

On the morning of September 26, 2019, counsel for Respondents stated that they did not intend to appear. Dkt. No. 9-1, ECF 44. Respondents also failed to file any further briefs. Dkt. No. 9-1, ECF 44.

On October 29, 2019, the arbitrator issued his award. In it, he referenced a decision issued

2

by a court in the Southern District of New York involving one of the original parties to this action and, among other defendants, Infinity and Tash. There, the district court concluded that Tash was Infinity's alter ego, created to keep non-union job payments separate from union job payments. *See* Order Granting Plaintiffs' Motion for Summary Judgment at 5, *Trs. of the New York City Dist. Council of Carpenters Pension Fund, et al. v. Infinity Mgmt. Corp., et al.*, No. 17-8204 (S.D.N.Y. Sept. 12, 2019), ECF No. 69. Incorporating that analysis into his decision, the arbitrator added Tash as an employer in this arbitration, Dkt. No. 9, ECF 35, determined that Respondents violated the CBA, and ordered Respondents to pay the following: (1) wage payments totaling $21,736.83 to the underpaid employees; (2) a contractual penalty of $25,000 to the Carpenter's Relief and Charity Fund; and (3) $6,600 in arbitrator's fees. *Id.* at 38.

On November 18, 2019, Petitioner commenced this confirmation action, asserting that Respondents had not satisfied any portion of the arbitration award. The Court directed Petitioner to file and serve a statement pursuant to Local Civil Rule 56.1, along with any declarations and affidavits with which it intended to support its petition, by December 4, 2019 and directed Respondents to file any opposition by December 25, 2019. Dkt. No. 7. Petitioner filed its Rule 56.1 statement and supporting documents on December 2, 2019. Dkt. Nos. 9-11.

Petitioner served its petition, summons, Rule 56.1 statement, supporting documents, and the Court's scheduling order on December 2, 2019. Dkt. No. 12. Despite being properly served with the petition and summons, Petitioner's motion for summary judgment, and the Court's order establishing deadlines for opposing that motion, Respondents have not appeared in this action.

## II. DISCUSSION

### A. The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award

3

under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation and internal quotation marks omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

4

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the arbitrator based his award on undisputed evidence that Infinity paid employees below their contractual rate, and his determination that Tash was Infinity's alter ego and therefore also an employer responsible for these underpayments. The record further indicates that the arbitrator based his award on the provisions of the CBA, as well as undisputed testimony.

Accordingly, Petitioner's motion is granted and the award is confirmed.

### B. Post-Award Prejudgment Interest

Petitioner has also requested that the Court award prejudgment interest at the rate of 9%—the New York statutory rate—for the period between the date of the award and the date of judgment in this action. Dkt. No. 11, at 4. The Second Circuit has noted that in the context of actions to confirm arbitral awards there is "a presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Accordingly, district courts in this Circuit "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Serv. Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs.*, LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases). Determining the rate of interest to be applied is also within the discretion

of the district court. *Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975).

While the arbitrator did not award this interest in his initial award, in light of the presumption in favor of prejudgment interest, in conjunction with the provision of the CBA stating that the arbitration award is "final and binding" on all relevant parties to this action, *see* Dkt. No. 9, ECF 29, the Court exercises its discretion to award prejudgment interest. *See Serv. Employees Int'l Union*, 326 F. Supp. 2d at 555.

**C. Attorneys' Fees and Costs**

Petitioner also requests attorneys' fees and costs arising from this confirmation action. *See* Dkt. No. 9, ECF 8. Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for the recovery of attorneys' fees. *Id.* However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (2d Cir. 1982)).

Here, an award of fees and costs is justified. By entering into the CBA, Infinity agreed to submit to arbitration of disputes at the option of either party to the agreement. Both Infinity and Tash failed to participate in the second phase of the arbitration proceeding, despite having been duly notified of the hearing. Following the arbitrator's decision that Infinity violated its obligations under the CBA, and that Tash was also liable as Infinity's alter ego, Respondents failed to satisfy any portion of the award and have subsequently failed to oppose the instant petition to confirm the

award.  In so doing, Respondents have failed to offer any justification for their refusal to abide by the decision of the arbitrator.  *See, e.g.*, *E. Millenium Constr.*, 2003 WL 22773355, at *3 (awarding fees and costs where defendant "chose not to participate in the arbitration proceedings or even to oppose Plaintiffs' application for confirmation of the arbitration award"); *New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074 (HB), 2012 WL 4492384, at *4 (S.D.N.Y. Sept. 28, 2012) (awarding attorneys' fees and finding that respondent's "inaction in the arbitration hearings and in the present action . . . constitutes bad faith").

The Court finds that Petitioner is entitled to reasonable attorney's fees and costs, and that an award of attorneys' fees will further the federal policy in favor of settling labor disputes by arbitration.  *See Niagara Mohawk Power Corp.*, 196 F.3d at 124.  But Petitioner has not provided the Court with an application for such fees and costs so that the Court may assess whether the requested fees are reasonable.  Any such application is due no later than February 17, 2020 and should be supported by contemporaneous time records describing the work performed.  The Court will not consider any application submitted after February 17, 2020.

## III.    CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondents in the amount of $53,336.83—which consists of the arbitration award of $21,736.83 in wage payments, $25,000 in contractual penalties, and $6,600 in arbitrator's fees—plus prejudgment interest on the arbitration award at the rate of 9% per annum from the date of the award (November 15, 2019) to the date of judgment.  Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: February 3, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge